IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GEORGE SMALLWOOD,<br>　　Plaintiff,<br>　　　　v.<br><br>BUILDERS MUTUAL<br>INSURANCE COMPANY, *et al.*,<br>　　Defendants. | Civil Action No. 3:23CV67 (RCY) |

**MEMORANDUM OPINION**

This is a declaratory judgment action removed from state court, seeking a determination of insurance coverage. The matter is before the Court on a Motion to Realign the Parties filed by Defendant Builders Mutual Insurance Company ("Builders Mutual") (ECF No. 2) and a Motion for Leave to Amend Complaint filed by Plaintiff George Smallwood ("Plaintiff") (ECF No. 5). The matters are ripe for review, and the Court dispenses with oral argument because it would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court will grant Defendant Builders Mutual's Motion to Realign but will also grant Plaintiff's Motion for Leave to Amend.

**I. RELEVANT FACTUAL BACKGROUND**

On January 29, 2016, Defendant Kelley & Associates Construction Management, Inc. ("Kelley & Associates") and Defendant David Jordan, LLC entered into a joint venture agreement for the construction of an Express Oil Change in Mechanicsville, Virginia. (Notice of Removal Ex. A ("Complaint") ¶ 8, ECF No. 1-1[1].) Defendant Kelley & Associates is a Georgia corporation that provides project management services for construction projects. (*Id.* ¶ 4.) Defendant David

---

[1] ECF No. 1-1 is comprised of Exhibits A–C to the Notice of Removal (ECF No. 1). The Complaint begins at page 5 of ECF No. 1-1.

Jordan, LLC is a two-member limited liability company; both of its members are citizens of Florida, and as such David Jordan, LLC is likewise a citizen of Florida. (Am. Notice Removal ¶ 9, ECF No. 11.) David Jordan, LLC was created to enter into joint venture agreements with Defendant Kelley & Associates to build Express Oil Change facilities. (Compl. ¶ 3.) The joint business venture relevant to the present dispute was formed as BD Joint Ventures, LLC, *d/b/a* BD Mechanicsville, JV ("BD Mechanicsville JV"). (*Id.* ¶ 8.) Based on Defendant Builders Mutual's information and belief, BD Mechanicsville JV is a single-member LLC, whose member is a citizen of Florida and who thus is likewise a citizen of Florida. (Am. Notice Removal ¶ 6.) VA Express Holdings LLC owned the property where the alleged incident occurred. (Compl. ¶ 8.) VA Express Holdings LLC is a single member LLC whose member is a citizen of Virginia, as a result of which, VA Express Holdings LLC is also a citizen of Virginia. (Am. Notice Removal ¶ 7.)

In January 2016, Defendant BD Mechanicsville JV entered into a partnership agreement with Defendant Williams Contracting, Inc. ("Williams Contracting"), a Virginia general contracting corporation. (Compl. ¶ 6.) Defendant Builders Mutual issued Policy No. 0062711 02 to Defendant Williams Contracting for coverage effective April 1, 2016, to April 1, 2017 (the "Builders Mutual Policy"). (*Id.* ¶¶ 14, 16.) Builders Mutual is a North Carolina corporation that provides commercial insurance coverage. (*Id.* ¶ 2.)

Plaintiff Smallwood was hired to deliver construction materials to Defendants Kelley & Associates and BD Mechanicsville JV for the construction of the Express Oil Change location in Mechanicsville. (*Id.* ¶ 24.) On June 16, 2016, Defendant Paul Edward Stevens was operating a skid steer loader loaded with rebar when a portion of the rebar load struck and knocked Plaintiff to the ground. (*Id.* ¶ 25.) Plaintiff suffered multiple fractures as a result. (*Id.*) At the time of Plaintiff's injuries, Defendant Stevens was an agent or employee of Defendants BD

Mechanicsville JV and/or Kelly & Associates. (*Id.* ¶ 26.) Plaintiff's injuries allegedly occurred when he was offloading an Alsop Trucking, Inc. ("Alsop") tractor trailer. (Proposed Am. Compl. ¶ 85, ECF No. 5-1.)

At the time of the incident, the Alsop tractor trailer was covered by a Commercial Auto Policy, Policy No. H08673494, issued by ACE Property & Casualty Insurance Company ("ACE"), to provide liability and underinsured motorist coverage for a tractor trailer (the "ACE Policy"). (*Id.* ¶ 16.) Per the Proposed Amended Complaint, ACE is a corporate citizen of Pennsylvania. (*Id.* ¶ 6.) Alsop is a Virginia corporation providing commercial motor vehicles to transport property. (*Id.* ¶ 7.)

## II. PROCEDURAL HISTORY

In the wake of his injury, Plaintiff filed a personal injury action, Law Action No. CL-18-1833, *George Smallwood v. Paul Edward Stevens and Kelley & Associates Construction Management, Inc. and Virginia Express Holdings, LLC*, in the Circuit Court of Chesterfield County, Virginia. (*Id.* ¶ 46.; *see generally* Notice of Removal, ECF No.1-1.) The parties in *Smallwood v. Kelley, et al.* requested a stay until this Complaint for Declaratory Judgment is resolved. (Proposed Am. Compl. ¶ 48.)

After questions arose concerning Builders Mutual's purported duty to defend and indemnify in the personal injury suit, on December 22, 2022, Plaintiff filed the present Complaint, Case No. CL-22-7897, *George Smallwood v. Builders Mutual Insurance Company, et al.*, in the Circuit Court for the County of Henrico, Virginia. (*See* Notice of Removal ¶ 1, ECF No. 1.) Plaintiff filed suit pursuant to Virginia Code § 8.01-184, seeking declaratory judgment that Defendant Builders Mutual provide defense and insurance coverage for Plaintiff's personal injury claims. (Complaint ¶ 38 (prayer for relief).)

On January 26, 2023, Builders Mutual removed the Complaint to this Court and concurrently filed a Motion to Realign the Parties to establish this Court's jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). (Notice of Removal ¶ 6; Mot. to Realign Parties, ECF No. 2). Plaintiff was a resident of Virginia when the Complaint was filed. (*See* Complaint ¶ 1.) Builders Mutual requests that the Court realign the following parties as plaintiffs: Defendants BD Mechanicsville JV; VA Express, LLC (d/b/a Express Oil Change and Service Center) and VA Express Holdings, LLC[2]; Williams Contracting; Paul Stevens; Kelley & Associates; and David Jordan, LLC (collectively, the "Insured Defendants"[3]). (Notice of Removal ¶ 6.) Builders Mutual argues that the Insured Defendants share the same goal as Plaintiff in establishing coverage under Defendant Builders Mutual's policy and thus should be realigned, and that doing so will establish the complete diversity requirement for diversity jurisdiction. (*Id.*)

Following removal from state court, Plaintiff filed a Motion for Leave to Amend Complaint on February 3, 2023. (Mot. Leave to Amend 1, ECF No. 5.) Plaintiff seeks to amend his Complaint to include Alsop and ACE as defendants. (*Id.*; *see generally* Prop'd Am. Compl.) The Amended Complaint also adds a second count, which seeks declaratory judgment that Plaintiff is an insured within the meaning of the ACE Policy. (Prop'd Am. Compl. ¶ 92 (prayer for relief)). Builders Mutual filed its Reply to Plaintiff's Opposition to Motion to Realign the Parties on February 9, 2023 (ECF No. 8) and a Memorandum in Opposition to Plaintiff's Motion for Leave

---

[2] There is some ambiguity on the face of the Complaint as to whether VA Express LLC & VA Express Holdings LLC are separate entities with the same agent for service and jointly doing business as Express Oil Change & Service Center, or if VA Express Holdings LLC was another part of the 'd/b/a' name used by VA Express LLC. (*See generally*, Compl.) Based on the State Corporation Commission records attached to Defendant Builders Mutual's Amended Notice of Removal, it appears that VA Express LLC and VA Express Holdings LLC are in fact distinct LLCs, simply having the same sole member. (Am. Notice of Removal Ex. D, ECF No. 11-1 pp. 59–78.) Until the parties all appear in this action and make some indication of their treatment preferences, the Court will accordingly construe VA Express LLC and VA Express Holdings LLC as separate entities and separate parties to this dispute.

[3] The Court adopts this short-name based on Plaintiff's allegations for purposes of this Memorandum Opinion only, and does not intend to convey any predisposition as to the merits of Plaintiff's allegations.

to Amend Complaint for Declaratory Judgment on February 17, 2023. (ECF No. 9). Plaintiff did not file a reply in support of his Motion for Leave to Amend. On June 26, 2023, the Court ordered Defendant Builders Mutual to file an Amended Notice of Removal, properly setting forth the LLC-Defendants' citizenships for purposes of determining the basis for the Court's jurisdiction. Builders Mutual complied on August 7, 2023, and the matter is now once again ripe for review.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Federal removal jurisdiction exists if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Moreover, actions originally filed in state court may be removed to federal court on the basis of diversity jurisdiction only if none of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Strawn*, 530 F.3d at 296 (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files their notice of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (citations omitted). The removal statute is strictly construed against removal jurisdiction, and any doubts as to jurisdiction weigh in favor of remand. *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006).

### IV. DISCUSSION

**A. Motion to Realign**

To satisfy the requirements of federal diversity jurisdiction and the rules of federal court removal, Defendant Builders Mutual seeks realignment of the parties according to the actual issue in controversy set forth in the Complaint. (Notice of Removal ¶ 6.) Specifically, Builders Mutual

seeks to realign the Insured Defendants as plaintiffs. (*Id.*) The primary issue in dispute, according to Builders Mutual, is whether the Builders Mutual Policy provides coverage benefits, including an obligation to defend or indemnify, to any of the Defendants named in the state court personal injury complaint. (Def.'s Mem. Supp. Mot. to Realign Parties ("Mem. Supp. Mot. to Realign") 5–6.) Builders Mutual contends that the interests of Plaintiff and the Insured Defendants are aligned because they all would benefit from a finding that Builders Mutual has an obligation to defend and indemnify. (*Id.* 6.) Builders Mutual notes that when the Insured Defendants are realigned as party-plaintiffs, they would not need to consent to removal, the home state defendant rule of removal would not be implicated, and complete diversity would be established. (*Id.* 7.)

Plaintiff concedes that it is generally proper to realign the parties according to the actual issues in controversy as set forth in the pleadings. (Pl.'s Mem. Opp'n to Def.'s Mot. to Realign Parties ("Pl. Mem. Opp'n") 2.) However, Plaintiff argues that realignment of the parties in this case is premature. (*Id.*) Because Plaintiff's proposed Amended Complaint seeks to assert a new claim and adds new parties, Plaintiff contends that his "principal purpose in filing suit" may be changed. (*See id.*) Plaintiff argues that it would be premature for this Court to consider Builders Mutual's Motion to Realign because the primary issue in controversy may change based on the Amended Complaint. (*See id.*)

The Court is unpersuaded by Plaintiff's argument that realignment is premature in light of the proposed Amended Complaint. The proposed Amended Complaint adds just a single count, and that count—just like the lone count in the original Complaint—seeks declaratory judgment concerning insurance coverage (albeit coverage under the ACE Policy, not the Builders Mutual Policy). Accordingly, this does not change the principal purpose of Plaintiff's suit, which is to obtain a coverage decision from this Court in order to effectively pursue tort relief in state court.

Turning to the merits of Builders Mutual's Motion to Realign, the Court agrees with Defendant that it has a duty "to look beyond the pleadings and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (quotations omitted). The "primary and controlling" factor in determining how best to arrange the parties, according to the Fourth Circuit, is the plaintiff's principal purpose for filing suit. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 337 (4th Cir. 2008). As stated immediately above, Plaintiff's principal purpose is to obtain a coverage determination under the Builders Mutual Policy (and the ACE Policy, assuming amendment).

While Plaintiff does not state a claim against any of the Insured Defendants, the Court is nevertheless unable to conclude that they are purely nominal parties. In the nominal party analysis, "the 'key inquiry' is whether the case can be resolved without affecting the defendant in any reasonably foreseeable way." *Lloyd v. Travelers Prop. Cas. Ins. Co.*, 699 F. Supp. 2d 812, 816 (E.D. Va. 2010) (citing *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013)). In this case, resolution (the Court's determination as to the duty to defend and indemnify) will likely impact all the Insured Defendants due to their interconnected business and/or employment relationships. This is true despite the fact that not all of the Insured Defendants are presently named as defendants in the state court personal injury action, as they all arguably have a stake in the outcome of this litigation given that, through their interconnectedness, they will jointly carry the financial impact of a finding that Builders Mutual has no duty to defend and indemnify its insured(s). Thus, in light of their common interest in a finding of coverage, the Insured Defendants are neither nominal nor aligned with Defendant Builders Mutual. Rather, Builders Mutual is the only defendant with an interest in proving that it has no duty to provide coverage to the Insured Defendants, while the Insured Defendants and Plaintiff have a strong

7

interest in establishing the opposite. *See Lilla v. Progressive Marathon Ins. Co.*, 2023 U.S. Dist. LEXIS 83959, *8 (E.D. Va. May 4, 2023). Several other courts both within and without the Fourth Circuit have reached similar conclusions under parallel circumstances. *See U.S. Fidelity & Guar. Co. v. A&S Mfg. Co.*, 48 F.3d 131, 134 (4th Cir. 1995) (aligning parties based on the insurers' "primary goal of avoiding obligations"); *Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1220–23 (realigning parties in a declaratory judgment action over denial of insurance coverage so that injured party and insured were plaintiffs and the insurance company was a defendant); *see also Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) ("[T]he normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party."); *Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017) (same); *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1314 (11th Cir. 2012) (same). Based on the apparent distribution of interests in this case, the Court will grant Builders Mutual's Motion to Realign, and realign the Insured Defendants as party-plaintiffs.

The Court notes, however, that this decision is based on the inferred interests of the Insured Defendants in participating in the litigation of this issue—they have not made an appearance in this action to date. Should they appear and represent that they have no vested interest, the Court leaves open the possibility of their filing for dismissal from this action on the basis of Federal Rule of Civil Procedure 21.

Having determined that the Insured Defendants should be treated as party-plaintiffs, the Court accordingly finds that complete diversity exists between Plaintiffs Smallwood, BD Mechanicsville JV, VA Express, LLC (d/b/a Express Oil Change and Service Center) and VA Express Holdings, LLC), Williams Contracting, Paul Stevens, Kelley & Associates, and David Jordan, LLC—all citizens of either Virginia, Florida, or Georgia—and Defendant Builders

Mutual—a citizen of North Carolina—and thus that the requirements of 28 U.S.C. §§ 1332 and 1441 are satisfied, establishing this court's jurisdiction over the matter.

**B. Motion for Leave to Amend**

Seeking to add two "essential parties to this matter," Plaintiff Smallwood filed a Motion for Leave to Amend Complaint as a matter of course. Plaintiff seeks to add Alsop and ACE to his Complaint because Plaintiff was "using" an Alsop tractor trailer when Plaintiff received his injuries and ACE allegedly provided commercial automobile coverage to Alsop. (Mem. Supp. Mot. Leave Am. Compl. ("Mem. Supp. Mot. Leave") 1–2.) Further, Plaintiff's proposed Amended Complaint includes a new claim for declaratory judgment seeking coverage benefits under ACE's policy for Plaintiff's injuries. (Am. Compl. ¶ 92 (prayer for relief), ECF No. 5-1).

Defendant Builders Mutual opposes Plaintiff's Motion for Leave to Amend because Plaintiff seeks no relief against Alsop, rendering joinder improper under 28 U.S.C. § 1447(e). (Mem. Opp'n Pl.'s Mot. Leave to Amend Compl. ("Builders Mem. Opp'n") 2.) Defendant contends that Plaintiff's amendment is improper under § 1447(e) because it fails to satisfy the requirements of Fed. R. Civ. P. Rule 20 and seeks to fraudulently join a non-diverse defendant. (*Id.* 2.) In the alternative, Defendant argues that Alsop's citizenship should be disregarded for purposes of determining diversity jurisdiction. (*Id.* 2–5, 8.)

When Plaintiff filed his Motion for Leave to Amend Complaint on February 3, 2023, Plaintiff was within his window for amendment as a matter of right. Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading as a matter of course, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading. Defendant Builders Mutual responded to Plaintiff's Complaint in the Circuit Court for the County of Henrico, Virginia on January 18, 2023 (*see generally* Notice of Removal Ex. B) and removed

this action on January 26, 2023. Plaintiff filed this Motion to Amend Complaint on February 3, 2023, and thus was within the 21-day window permitted by Rule 15(a)(1)(B).

Although courts may deny leave to amend where doing so would add a fraudulently joined defendant, even where the amendment would otherwise be of right, *see Whitfield v. Phillips*, No. 3:22CV245, 2022 WL 2392465, at *2 (E.D. Va. July 1, 2022) (citing *Tucker v. Massage Envy Franchising, LLC*, F. Supp. 3d. 174, 177 n.2 (E.D. Va. 2022)), the Court finds that such a step is not required here because there is no fraudulent joinder. Defendant Builders Mutual argues that, absent any actual stated claim against Alsop, Plaintiff's "only reason" for adding Alsop would be to defeat diversity jurisdiction. (Def.'s Mem. Opp'n Pl.'s Mot. Leave to Amend Compl. 8.) The Court, however, declines to assume such fraudulent intent, particularly in light of Plaintiff's similar inclusion of all other Insured Defendants in the original Complaint. Instead, the Court finds that Alsop is a nominal party whose inclusion as a defendant does not impact the diversity analysis.

In contrast to the Insured Defendants (now to be realigned as party-plaintiffs), Alsop does not presently face exposure or liability from pending personal injury claims, and thus there is no immediate exposure for Alsop should the Court rule against Plaintiff on the declaratory judgment claim against ACE. Accordingly, as Alsop has no "immediately apparent stake in the litigation," the Court holds that Alsop is a nominal party who should be ignored for purposes of diversity jurisdiction. *See Porter*, 2014 WL 3563415, at *2. As with the Insured Defendants, the Court will leave it to Alsop to request dismissal on its own behalf, if it believes it has no proper place in this litigation.

In light of the foregoing and because Plaintiff does state a claim against ACE, and further because amendment to add ACE—a citizen of Pennsylvania—as a defendant will not destroy diversity, the Court will grant Plaintiff's Motion for Leave to Amend.

## V. CONCLUSION

For the reasons set forth above, the Court will grant the Motion to Realign Parties but also grant Plaintiff's Motion for Leave to Amend Complaint, subject to this Court's decision that the Insured Defendants will—even post-amendment—be realigned as party-plaintiffs. An appropriate Order shall issue.

/s/ 
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: August 10, 2023