IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| GEORGE SMALLWOOD )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BUILDERS MUTUAL INSURANCE )<br>)<br>    And )<br>)<br>ACE PROPERTY & CASUALTY )<br>  INSURANCE CO. )<br>    Serve: CT Corporation System, R.A. )<br>          4710 Cox Road, Suite 289 )<br>          Glen Allen, VA 23060 )<br>    And )<br>)<br>ALSOP TRUCKING INC. )<br>    Serve: Shawn Alsop, R.A. )<br>          8629 Jefferson Davis Highway )<br>          Fredericskburg, VA 22407 )<br>)<br>    And )<br>)<br>BD JOINT VENTURES, LLC )<br>d/b/a BD MECHANICSVILLE, JV )<br>    Serve: Sarah Jordan, R.A. )<br>          2403 Dawn Dr. )<br>          Decatur, GA 30032 )<br>)<br>    And )<br>)<br>VA EXPRESS, LLC )<br>d/b/a Express Oil Change & Service Center )<br>and VA EXPRESS HOLDINGS LLC )<br>    Serve: Robley D. Bates, IV, R.A. )<br>          1227 Rothesay Circle )<br>          Richmond, VA 23235 )<br>)<br>    And )<br>)<br>WILLIAMS CONTRACTING, INC. )<br>    Serve: Rea T. Williams, R.A. ) | Civil Action No. 3:23-cv-00067 |

```
           14640 Jefferson Highway       )
           Bumpass, VA 23024             )
                                         )
      And                                )
                                         )
PAUL STEVENS                             )
                                         )
```

```
                                         )
                                         )
      And                                )
                                         )
KELLEY & ASSOCIATES CONSTRUCTION         )
MANAGEMENT, INC.                         )
    Serve: Benjamin J. Kelley, R.A.      )
           10500 Haynes Bridge Rd.       )
           Alpharetta, GA 30022          )
                                         )
      And                                )
                                         )
DAVID JORDAN, LLC                        )
    Serve: Sarah Jordan, R.A.            )
           2403 Dawn Drive               )
           Decatur, GA 30032             )
                                         )
      Defendants                         )
```

## AMENDED COMPLAINT OF DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GEORGE SMALLWOOD, by counsel, and moves this court for a declaratory judgment pursuant to Virginia Code §8.01-184 against Defendants Builders Mutual Insurance ("Builders"), ACE Property & Casualty Insurance Co.("ACE"), Alsop Trucking Inc., ("Alsop"), BD Joint Ventures, LLC ("BD JV"), VA Express LLC, ("VA Express"), Williams Contracting, Inc., ("Williams"), Paul Stevens ("Stevens"), David Jordan, LLC ("David Jordan") and Kelley & Associates Construction Management, Inc. ("Kelley") . The foregoing parties are referred to collectively as the "Defendants".

## JURISDICTIONAL STATEMENT

1. This matter has been removed from State Court by Builders Mutual on the grounds that this Court has federal jurisdiction pursuant to 28 U.S.C. §1332 (a) because there is complete diversity of citizenship between each and every Plaintiff and Defendant, and more than $75,000 exclusive of interest and costs is at stake.[1]

2. Venue is proper pursuant to 28 U.S.C. §1391 (b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

3. Assignment to the Richmond Division of the Eastern District of Virginia is proper pursuant to the Eastern District of Virginia Local Rules because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this division.

## PARTIES

4. Plaintiff, George Smallwood is a resident of Fauquier County, Virginia, and a citizen of Virginia.

5. Builders is an insurance company organized under the laws of North Carolina and is a citizen of North Carolina. Builders is authorized to transact business in Virginia providing, among other things, commercial general liability coverage to contractors, executive supervisors, superintendents, as well as contractors and subcontractors who construct buildings.

6. ACE is an insurance company organized under the laws of Pennsylvania and a citizen of Pennsylvania. It is authorized to transact business in Virginia and provides commercial automobile coverage to commercial carriers.

---

[1] Defendant Mutual's Motion for Realignment is pending.

7. Alsop is a Virginia corporation that provides commercial motor vehicles for the transport of property, i.e. a "property carrier" as that term is defined by Va. Code §46.2-2141.

8. David Jordan is a limited liability corporation organized under the laws of Georgia. David Jordan is a citizen of Georgia created for the purpose of entering into joint venture agreements with Kelley to construct Express Oil Change facilities.

9. Kelley is a Georgia corporation that provides project management for construction projects including Express Oil change facilities. Kelley is a citizen of Georgia.

10. VA Express LLC and VA Express Holding a/k/a Express Oil Change & Service Center is an Express Oil Change limited liability company (franchise) and is a citizen of Virginia.

11. BD JV was a Georgia limited liability company formed May 9, 2018, and terminated on November 14, 2022. BD JV was, during its existence, a citizen of Georgia.

12. Williams is a Virginia general contracting corporation hired in 2016 to construct an Express Oil Change in Mechanicsville, Virginia ("Express Oil Change", or "the construction site") with Kelley and BD JV. Williams is a citizen of Virginia.

13. Stevens was an agent or employee of BD JV and Kelley on June 16, 2016, working in the course and scope of his employment in furtherance of a contract to construct the Express Oil Change. Stevens is a citizen of Georgia.

## FACTS

14. In 2016 Williams requested that Brown & Brown, Richmond, Virginia insurance brokers, issue a general liability policy to insure BD JV, VA Express, Williams, Kelley, Jordan and their agents and employees and subcontractors for the construction of the Express Oil Change.

15. Builders issued Builders Policy No. CPP 0062711 02, Commercial Package Policy to Williams effective April 1, 2016 - April 1, 2017. Said policy provided coverage for personal injury actions brought against Williams, its contractors, and its subcontractors.

16. ACE issued a Commercial Auto Policy No. H08673494 to Alsop which was effective on June 16, 2016. Said policy provided liability and underinsured motorist coverage for an Alsop tractor trailer operating under USDOT#1425222.

17. In June 2016 Mr. Smallwood was hired to oversee the pick-up and delivery of construction materials purchased by Kelley for use in the construction of the Mechanicsville Express Oil Change. **(Exhibit 1 - Bill of Lading)**

18. Delivery was not complete until all construction material were safely off-loaded to the construction site or "drop zone".

19. At Mr. Smallwood's request, Bell Nurseries and Alsop each provided a driver and flatbed tractor trailer ("tractor trailer(s)" or "truck(s)" ) to pick up and transport the construction materials to the site.

20. Mr. Smallwood drove a third flatbed tractor trailer to complete pick up and transport of the construction materials to the site.

21. On June 16, 2016, Mr. Smallwood oversaw the successful loading of the construction materials in Winchester, Virginia onto all three trucks and coordinated same day delivery from Northern Virginia to Mechanicsville, Virginia.

22. Due to the traffic volume around the construction site, Mr. Smallwood parked his loaded truck in a shopping center above the site and walked down to inspect it.

23. Due to the limited space available to offload the materials, each tractor trailer was

required to pull into a narrow area, off-load one side of its trailer, then turn around and be re-positioned so that the other side of the trailer could be off-loaded.

24.     Mr. Smallwood used hand signals to assist the Bells Nurseries driver position, off-load, and re-position the trailer so that its other side could be off-loaded.

25.     Using a truck-mounted Moffett forklift, Mr. Smallwood successfully off-loaded both sides of the Bell Nurseries trailer.

26.     Mr. Smallwood used hand signals in assisting Delante ("Dee") Crawley, driver for Alsop, position his tractor trailer for off-loading.

27.     The Alsop trailer was loaded with concrete block on one side and bags of cement topped with rebar bundles on the other.

28.     Smallwood successfully off-loaded the concrete block with a Moffett forklift, then assisted Dee Crawley in repositioning the Alsop tractor trailer.

29.     When the remainder of the load was too tall for the Moffett forklift, Smallwood asked Mr. Stevens, site supervisor, if he had anything on site that would reach the rebar bundles.

30.     Stevens offered to assist Smallwood by using an on-site Bobcat skid steer loader.

31.     Mr. Stevens failed to reveal that he had not been trained in the proper operation and loading of the skid steer loader.[2]

32.     Mr. Stevens left the Alsop trailer and returned driving a Bobcat skid steer loader fitted with "tines" or "forks".

33.     Mr. Stevens requested Mr. Smallwood's assistance in guiding the skid steer loader forks under the rebar bundles which were resting on pallets.

---

[2] Stevens's deposition testimony. He also confirmed that he was required to

34.	Mr. Smallwood climbed onto the catwalk of the Alsop trailer to visualize the load and proceeded to assist Stevens with placement of the skid steer loader forks.

35.	When Smallwood and Stevens completed off-loading some of the rebar bundles onto the skid steer loader, Mr. Smallwood climbed off the trailer's catwalk and down to the Alsop tractor.

36.	Stevens requested Mr. Smallwood's assistance in navigating the route to the construction site, which included watching for pedestrians, vehicles, and warning Stevens if he drove too close to parked vehicles.

37.	Mr. Smallwood agreed, turned around, and with one hand in the air began to walk forward so as to direct Stevens toward the construction site drop zone.

38.	Mr. Stevens successfully turned the skid steer loader around next to the trailer, and was positioned to move toward the drop zone, but failed to lower the hydraulic lift cylinder to balance the weight of the load.

39.	Mr. Smallwood was six to eight feet ahead of Stevens with back turned when Stevens attempted to move the skid steer loader away from the trailer.

40.	Although he was aware of Mr. Smallwood's location, Stevens attempted to move forward without lowering the hydraulic lift cylinder and caused the skid steer to jolt forward in a "split second" resulting in a weight shift that toppled the skid-steer loader.[3]

---

undergo skid-steer training because of this incident.
[3] Defendant Steven's deposition testimony.

41.   As the skid-steer loader tipped over onto its front tires and extended forks, the rebar fell off the loader striking Mr. Smallwood and pinning him to the ground. **(Exhibit 2 - toppled skid steer loader)**

42.   Stevens, by his own admission, negligently operated the skid-steer loader by moving forward from the trailer without lowering the hydraulic lift cylinder and otherwise failing to properly operate/understand the operation of the skid steer loader.

43.   As a result of Stevens' negligent operation of the skid steer loader, Mr. Smallwood was trapped for several minutes under rebar and suffered a fractured left ankle, fractured arm requiring surgery, and permanent crush injuries to his left foot. **(Exhibit 3 - photos of injuries)**

44.   Mr. Smallwood's injuries and other damages, including but not limited to lost wages, medical expenses, future medical expenses, and pain and suffering are covered by the terms of the Policy issued to Williams by Builders.

45.   George Smallwood provided same day notice of his injuries to Kelley.

46.   Mr. Smallwood subsequently filed Law Action No. CL-18-1833, *George Smallwood v. Paul Edward Stevens and Kelley & Associates Construction Management, Inc. and Virginia Express Holdings, LLC* in the Circuit Court of Chesterfield County, Virginia. Virginia Express Holdings, LLC was subsequently non-suited from the cause of action without prejudice.

47.   Mr. Smallwood filed an Amended Complaint on August 31, 2020, in *Smallwood v. Kelley & Associates et al.*[4] **(Exhibit 4)**

---

[4] The Amended Complaint was not identified by Builders in their pleadings.

48.     The parties to the personal injury action *Smallwood v. Kelley, et al.* have requested a stay until such time as this Complaint for Declaratory Judgment is resolved.

49.     George Smallwood is a third-party beneficiary of the Builders Policy issued to Williams as Defendants intended that the Builders Policy would compensate people like Mr. Smallwood who were injured by the negligence of BD JV, Williams, or Kelley and/or their agents and/or employees, (Stevens) while constructing the Mechanicsville Express Oil Change.

50.     George Smallwood seeks a declaratory judgment that the Builders Policy should have provided liability coverage and judgment that Builders are liable for breach of contract.

## COUNT I - BUILDERS

## BREACH OF CONTRACT-THIRD PARTY BENEFICIARY

51.     All the other allegations in this Complaint are incorporated into this Count.

52.     On January 29, 2016, Kelley and David Jordan, LLC entered into a joint venture agreement detailing Kelley's duties (project management) and David Jordan LLC's duties (contract management) for the construction of the Express Oil Change at 7251 Bell Creek Road, Mechanicsville, VA 23111. Said property was owned by VA Express Holdings LLC and said the business venture was identified as BD Mechanicsville, JV ("BD JV"). **(Exhibit 5 – Joint Venture Agreement)**

53.     The sole reason for the existence of the Joint Venture Agreement between David Jordan and Kelley was for the construction of the Express Oil Change. The sole reason for the existence of the partnership between Williams Contracting and BD Mechanicsville JV was for the construction of the Express Oil Change.

54. In January 2016, BD JV and Williams entered into a partnership agreement detailed their respective duties for construction of the Mechanicsville Express Oil Change. **(Exhibit 5)**

<u>Duties of Members</u> Each Member will be responsible for its respective duties as follows:

| Member | Duties Description |
|---|---|
| BD Mechanicsville, JV | Responsible for project management, construction management and on-site supervision and other responsibilities as required. |
| Williams Construction, Inc | Responsible for maintaining Virginia Contractor License, _2701018734A_, Builders Risk Insurance and other responsibilities as required, ALL FEES TO BE PAID BY BD Suffolk, JV |

55. The partnership agreement constituted a "work contract" for the Express Oil Change and William's duties included not only obtaining Builders Risk Insurance, but also "other responsibilities as required".

56. Other responsibilities as required including obtaining a General Liability Insurance Policy (GCL policy) to cover Williams, Kelley, BD JV, VA Express, David Jordan, and Mr. Robley, so that (1) Mr. Robley could obtain the appropriate permits and (2) the parties could begin construction of the Express Oil facility.

57. On March 23, 2016, a Certificate of Insurance ("COI") was issued by Brown and Brown Insurance Agency of Virginia to Virginia Express. The Certificate of Insurance was for a contract of insurance listing the named insured as Williams Contracting Inc. for an Express Oil Change Mechanicsville, VA Project.[5]

---

[5] The COI provided as additional insureds: **DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES (ACCORD 101, Additional Remarks Schedule, may be attached if more space is required) VA Express**

58. On April 25, 2016, following receipt of the COI, Robley Bates, Owner/Member of VA Express, LLC and Virginia Express provided a Notice to Proceed with the construction of the Express Oil Change to BD JV "and its subcontractors to begin construction on my project (sic) call Express Oil change/Tire Engineer store located at 7521 Bell Creek Road, Mechanicsville, VA 23111". **(Exhibit 7)**

59. When Williams sought to procure a GCL Policy per the above referenced contracts, Brown and Brown and Builders held themselves out as knowledgeable on commercial liability insurance for commercial construction projects in Virginia.

60. Kelley, Virginia Express, BD JV, VA Express and David Jordan reasonably believed that they were covered under the Policy issued to Williams.

61. The Builders Policy issued to Williams on April 1, 2016, provides in pertinent part:

### SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:
   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

2. Each of the following is also an insured:
   a. Your "volunteer workers" only while per-

---

Holdings, LLC, BD Mechanicsville JV, 10500 Haynes Bridge Road, Alpharetta, GA 30022, Kelley & Assoc. 10500 Haynes Bridge Rd., Alpharetta, GA 30022, and David Jordan, LLC, 104 Colonial Dr., St. Simons Island, GA respects general liability as required by written contract.

> forming duties related to the conduct of
> your business, or your "employees" other
> than either your "executive officers" (if you
> are an organization other than a partner-
> ship, joint venture or limited liability
> company) . . . but only for acts
> within the scope of their employment
> by you or while performing duties related to
> the conduct of your business. (Emphasis supplied)

62. Williams was designated a "named insured" in the Declarations when the Builders Policy issued.

63. The Policy provides in part:

> # ADDITIONAL INSURED ENDORSEMENT
>
> This **endorsement** modifies insurance provided under the following:
>
> COMMERICAL GENERAL LIABILITY COVERAGE PART
>
> **10.** Any person or organization other than an Architect, engineer, or surveyor, which requires in a **"work contract"** that such person or organization be made an insured under this policy. However, such person or organization shall be an insured only with respect to covered "bodily Injury" "property damage", personal and advertising injury" caused, in whole or in part, by:
> a. Your acts or omissions; or
> b. The acts or omissions of those acting on your behalf;
> in the performance of your ongoing operations for the additional insured(s) only at the location designated by the "work contract".

64. The Policy defines work contract:

> **SECTION V-DEFINITIONS**
>
> The following is added:
>     23. **"Work contract"** means a written

>agreement into which you enter for work performed by you or on your behalf. (Emphasis provided)

65. Pursuant to their partnership agreement, BD JV was Williams' partner at all relevant times. BD JV was, therefore, an "insured" as set forth in the policy language presented in Paragraph 63 and 64 above and thus covered under the terms of the Policy.

66. BD JV was a joint venture between David Jordan and Kelly at all relevant times. David Jordan and Kelley were, therefore, "insureds" as per the work Policy's work contract.

67. The partnership agreement between BD JV and Williams contained a "work contract" under the Policy that provided insurance would be obtained by Williams. Consequently, BD JV also qualifies as an "Additional Insured" making it and its employees covered under the terms of the Policy for injuries to Smallwood.

68. BD JV, Kelley and David Jordan LLC should have been listed as insureds under the terms of the Builders Policy.

69. Although not listed as named insureds, BD JV, Kelley and David Jordan and their agents, employees, and subcontractors qualify as insured pursuant to the work contract provisions.

70. As such, George Smallwood's injuries are covered by the terms of the Builders Policy issued to Williams.

71. After filing his personal injury lawsuit, *Smallwood v. Stevens et al.*, George Smallwood propounded discovery to Kelley and Stevens.

72. On August 15, 2019, Stevens, in response to interrogatories, identified his employer as "Resource Management, Inc. and BD Mechanicsville JV, reporting to David Jordan.", however he also testified that he worked out of the Kelley office in Georgia.

73. On August 15, 2019, Stevens, in response Plaintiff's interrogatories and request for production of documents requesting information regarding all polices that "**might** afford liability coverage" for Stevens, "including all applicable polices available through BD Joint Ventures; BD Mechanicsville JV; Williams Contracting, Inc.; BD Suffolk JV; David Jordan, LLC, and Kelley & Associates Construction Management, Inc." answered "none exist".

74. On August 15, 2019, Kelley, in response to Plaintiff's interrogatories and request for production of documents requesting information regarding all polices that "might afford" insurance coverage for Kelley answered, "none exist".

75. These interrogatory answers were served even though a general commercial liability policy had issued through Brown and Brown Insurance Agency of Virginia to named insured Williams with which David Jordan and Kelley's joint venture, BD JV, had a written agreement regarding insurance and other responsibilities.

76. By letter to Mr. Jordan dated July 13, 2018, Builders refused to provide a defense in Chesterfield Law Action No. 18-1833 asserting there was no general liability coverage applicable to Smallwood's bodily injury claim. **(Exhibit 8 – Builders' Letter dated 7.13.18)**

77. On December 29, 2016, Builders sent a letter addressed to Mr. David Jordan, BD JV **asserting** that the policy issued to Williams did not provide coverage to BD Mechanicsville JV or its employees **(Exhibit 9 – Builders' Letter dated 12.29.16)**:

> "BV [sic] Mechanicsville is not an insured under the Policy; and the fact that the BV Mechanicsville was using Williams Contracting's contractor's license does not entitle BV to coverage under the Policy".
>
> "We have also reviewed the partnership agreement between BV Mechanicsville and Williams Contracting. The contract contains no provisions that would cause BV Mechanicsville to be considered an insured or otherwise entitled to benefits under the Policy."

78. The December 29, 2016, Builders letter addressed to David Jordan and BD JV was silent as to coverage available to Kelley.

79. On September 3, 2021, Kelley finally revealed to Plaintiff that a GCL Builders Policy had issued to Williams for the construction of the Express Oil Change, but that Builders had denied coverage (Builders letters of December 29, 2016, and July 13, 2018).

80. Mr. Smallwood requested a copy of the Builders Policy from Builders and Kelley and a copy of incident reports from Kelley but has never received any incident report(s) or a *complete*, certified copy of said the Builders Policy.

81. The delay in receipt of Builders letters to BD JV, the complete Builders Policy and incident report(s) have materially affected Plaintiff's ability to prosecute this declaratory judgment or proceed otherwise.

82. Currently there is an actual controversy ripe for adjudication regarding the GCL policy issued to Williams by Builders.

WHEREFORE, Plaintiff prays that this court issue a declaratory judgment pursuant to Virginia Code §8.01-184 that Builders provide not only a defense but also insurance for Mr. Smallwood's injuries as a third-party beneficiary to the Builders Policy.

## COUNT II - ACE PROPERTY & CASUALTY CO.

## DECLARATORY JUDGMENT AND REFORMATION OF CONTRACT USE OF VEHICLE PURSUANT TO VA. CODE §38.2-220 (B)

83. The allegations of all other paragraphs in this Complaint are incorporated by reference in this Count.

84. ACE Commercial Auto Policy No. LMT H08673494 ("Ace Policy") was in effect on June 16, 2016, and included liability and underinsured/uninsured motorist coverage for the Alsop tractor trailer being off-loaded at the time Mr. Smallwood was injured. [6]

85. Mr. Smallwood was engaged in the offloading of the Alsop trailer and was less than 10 feet from the partially unloaded trailer when Mr. Stevens failed to lower the hydraulic lift cylinder, causing the skid-steer loader to lose it balance, tilt onto its front tires and dump its load of rebar onto Mr. Smallwood and the surrounding area.

86. Mr. Smallwood was using the Ace insured tractor trailer in a manner contemplated by Va. Code §38.2-220 (B).

87. The ACE Policy intended to confer upon individuals, like Mr. Smallwood, insurance coverage when injured by the negligence of another while using a vehicle in a manner contemplated by Va. Code §38.2-220 (B). *Slagle v. Hartford Insurance Co. of the Midwest, 267 Va. 629, 594 S.E.2d 582* (2004) and cases cited therein.

88. To the extent that the ACE Policy contains provisions in conflict with law of the place of the contract, it is well settled that the law of the place of contract will prevail. *Orient Ins. Co. v. Daggs,* 172 U.S. 557, 19 S.Ct. 281, 43 L.Ed. 552; *State Farm Mut. Auto Ins. Co. v. Seay,*

---

[6] The Alsop tractor trailer operated under USDOT#1425222

236 Va. 275, 280 (1988); *USAA Cas. Ins. Co. v. Yaconiello,* 226 Va. 423, 425-26 (1983).

89. Under the facts as set forth, Mr. Smallwood was using the Alsop tractor-trailer in a manner contemplated by Va. Code §38.2-220 (B) and thus, was an insured entitled to uninsured or underinsured motorist coverage for the Alsop truck.

90. Va. Code Ann. §38.2-318 mandates that liability insurance policies that do not conform to Virginia law be construed and applied in accordance with the conditions and provisions of Virginia law.

91. Mr. Smallwood's injuries and other damages, including but not limited to lost wages, medical expenses, future medical expenses, and pain and suffering are covered by the terms of the Policy issued to Alsop.

92. Currently there is an actual controversy ripe for adjudication regarding the Ace Policy issued to Alsop.

WHEREFORE, Plaintiff prays for a declaratory judgment against ACE pursuant to §8.01-184 declaring that the Ace Policy minimum limits of coverage of $750,000 or more are available for Mr. Smallwood or, in the alternative, the Plaintiff requests that this Court reform the ACE Policy to uninsured or underinsured no less than $750,000 as per the Policy and pursuant to Virginia law and award costs and such other relief as the Court deems just and proper.

Respectfully submitted,

**GEORGE SMALLWOOD**

_____/s/_____
Susan F. Pierce (VSB No.27695)
Walker Jones, P.C.
31 Winchester Street

Warrenton, VA 20186-2896
540-347-9223
Co-Counsel for Plaintiff
Telephone: 540/347-9223
spierce@walkerjoneslaw.com

and

Seth Carroll (VSB No. 74745)
Commonwealth Law Group, LLC
Counsel for Plaintiff
1506 Staples Mill Road, Suite 202
Richmond, VA 23230
Phone: (804) 999-9999
Facsimile: (866) 238-6415
scarroll@hurtinva.com